UNITED STATES *v.* NEW YORK MERCHANDISE CO., INC.

**No. 6058.**—Invoice dated Shanghai, China, May 21, 1941.
Entered at Los Angeles, Calif., July 1, 1941.
Entry No. 5.

(Decided September 27, 1944)

*Paul P. Rao,* Assistant Attorney General (*Richard E. FitzGibbon* and *Daniel I. Auster,* special attorneys), for the plaintiff.

*Harper & Harper* (*Lawrence A. Harper* and *Charles J. Evans* of counsel) for the defendant.

COLE, Judge: This appeal for reappraisement, filed pursuant to the provisions of section 501 of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938 (19 U. S. C. 1940 ed. § 1501) brings for determination the proper dutiable value of cotton bath mats exported from Shanghai, China, and entered at the port of Los Angeles, Calif. The items in question were entered at .45 Shanghai dollars per square foot, plus cost of packing, which the appraiser accepted as the proper dutiable export value and so appraised the merchandise. Section 402 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402 (d)).

The collector of customs at the port of entry, who filed this appeal, contends that .50 Shanghai dollars per square foot, plus packing, is the true dutiable value for the present merchandise, basing such claim on an invoice (plaintiff's exhibit 1) covering merchandise identical, except for size, with the bath mats under consideration. The said invoice refers to a purchase made subsequent to that of the instant merchandise but prior to its exportation.

Plaintiff's presentation is on all fours with that offered before me in *United States v. Samuel S. Perry,* Reap. Dec. 6045, decided as recently as August 11, 1944. Because the situation here parallels that existing there, the following comment made in the earlier case has equal force and effect to the present issue:

Plaintiff contends that such higher value is the proper basis for appraisement of the item in question, relying on *White Lamb Finlay, Inc. v. United States*, 29 C. C. P. A. 199, C. A. D. 192, to support its contention. That case was submitted on a stipulation of facts which included concessions that "the merchandise under consideration, and merchandise similar thereto, was manufactured solely for exportation to the United States; that in the ordinary course of trade such or similar merchandise was not carried in stock by the manufacturers in Belgium for spot delivery, but was freely offered for sale to all purchasers for exportation to the United States for future delivery." The decision is clear that the court based its conclusion on the agreed set of facts before it. The meager evidence before me does not supply a comparable factual basis. Hence the statutory construction nvoked there cannot be applied here.

*       *       *       *       *       *       *

The mere submission of an invoice—the only evidence before me—does not establish a *prima facie* case. Standing alone as it does, the paper has little, if any, evidentiary value in this case. There is no supporting proof that the price stated thereon was the value of such or similar merchandise prevailing under market conditions contemplated by the statute. [Section 402 of the Tariff Act of 1930— 19 U. S. C. 1940 ed. § 1402.] Corroborative evidence to that effect is vital to support plaintiff's claim.

No dutiable value has been shown for the bath mats in question different from the entered and appraised value, which I hold to be the proper dutiable export value. Judgment will be rendered accordingly.